**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 31 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-36799 |
| | ) | |
| Paul Steven Aldridge and Deborah Kay Aldridge, | ) ) | Chapter 13 |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING CONFIRMATION OF
### CHAPTER 13 PLAN

This case came before the court pm August 30, 2011, for further hearing on confirmation of Debtors' pending proposed amended Chapter 13 plan. The Chapter 13 Trustee appeared in person. Attorney for Debtors and Deborah Aldridge appeared by telephone.

This case was filed on October 5, 2010. The court has now determined, nearly a year later and after multiple means test form amendments and five confirmation hearings, that Debtors' pending proposed amended plan is not confirmable. And it does not appear based on the requirements of the Bankruptcy Code means test and Debtors' present budget that a plan is confirmable.

Allowed unsecured claims in excess of $115,000 have been filed in this case. Debtors cannot pay these claims in full through their plan. *See* 11 U.S.C. § 1325(b)(1)(A). They must therefore pay their projected disposable income into the plan to be applied to make payments to their unsecured creditors. 11 U.S.C. § 1325 (b)(1)(B). Debtors are above median income debtors. *See* 11 U.S.C. § 1325(b)(3). Their disposable income required to be paid to make payments to unsecured creditors under 11 U.S.C. §

1325(b)(1) must therefore be determined under 11 U.S.C. § 1325(b)(2) in accordance with the means test set forth in 11 U.S.C. § 707(b)(2).

The Trustee does not recommend and objects to confirmation of Debtors' proposed plan. The monthly payment amount to be paid into the plan on account of unsecured claims (apart from the additional amount necessary to make conduit mortgage payments) determined in accordance with the foregoing Bankruptcy Code provisions exceeds $2,500. After several amended Form B22C means test calculations, [*see* Doc. ## 1 [p. 42-48], 26, 66, 69], Debtors do not contest the amount calculated by the Trustee as their monthly disposable income properly determined under the statute. There is no evidence of "known or virtually certain changes" to overcome the statutory presumption that this amount is the monthly projected disposable income number required to be paid into the plan on account of unsecured claims under § 1325(b)(1)(B). *See Hamilton v. Lanning*, –U.S.–, 130 S. Ct. 2464, 2475 (2010). However, Debtors indicate that they simply cannot pay this amount into their plan. [*See also* Doc. # 50]. Instead Debtors propose to pay $1,500 a month into their plan, which amount includes conduit mortgage payments of more than $1,000. To date they have been making monthly payments of only $400 to the Chapter 13 Trustee. Debtors' proposed plan does not meet the applicable Bankruptcy Code Chapter 13 plan confirmation standards for payments to unsecured creditors and thus cannot be confirmed.

Based on Debtors' statements as to what they believe they can afford to pay into their plan, the court finds that filing amended plan would be futile. Leave to file another amended plan thus has not been requested and will not be granted. The case will be dismissed by separate order of the court granting the Chapter 13 Trustee's pending motion to dismiss.

**IT IS THEREFORE ORDERED** that confirmation of Debtors' proposed amended plan filed on March 7, 2011, [Doc. # 31] is **DENIED,** with no leave to file another proposed plan requested or granted and no further proceedings on confirmation to be scheduled.